UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

-----------------------------------------------------X
                                          :

**Ramada Worldwide, Inc.,**                     :

          **Plaintiff,**                  :

                                          :        Civil Action 11-921 (ES)(CLW)

          v.                           :

**Anita Nguyen, LLC, et. al,**         :        REPORT & RECOMMENDATION
                                          :        January 10, 2012

          **Defendants.**          :
-----------------------------------------------------X

**WALDOR, United States Magistrate Judge**

      This matter is before the Court by way of motion of plaintiff Ramada Worldwide, Inc. ("Ramada" or "Plaintiff") to strike the answer of defendants Anita Nguyen, LLC and Hong V. Nguyen (collectively "Defendants") for violating Fed. R. Civ. P. 37 and to enter default upon Defendants pursuant to Fed. R. Civ. P. 55(a) ("Motion to Strike Defendants' Answer"). (Dkt. No. 19). Pursuant to Local Civil Rule 72.1, the Honorable Esther Salas, United States District Judge, referred this motion to the Undersigned for report and recommendation ("Recommendation"). For the reasons to be discussed, it is respectfully recommended that Ramada's motion be GRANTED and that an order ("Order") be entered striking Defendants' answer and entering default against Defendants. The Court makes the following findings in support of this Recommendation.

    **I. Background**

      Plaintiff Ramada Worldwide, Inc. ("Ramada"), a Delaware corporation with its principal place of business in Parsippany, New Jersey, is a franchisor of lodging facilities. (Dkt. Entry No. 1, Complaint ¶ 1 ("Compl.")). Defendant Anita Nguyen, LLC ("Anita") is an Alabaman corporation

with its principal place of business in Mobile, Alabama. Id. at ¶ 2. Defendant Hong V. Nguyen ("Nguyen") is a principal of Anita and a citizen of the State of Alabama. Id. at ¶ 3.

The Complaint alleges that on or about April 30, 2004, Ramada entered into a license agreement ("License Agreement") with Defendants for the operation of a lodging facility ("Facility") located in Mobile, Alabama. See Compl. ¶ 9. On or about May 26, 2004, Ramada entered into an assignment and assumption agreement ("A & A Agreement") with Anita, in which Anita agreed to accept and assume all rights, benefits, and obligations of Nguyen under the License Agreement. Id. at ¶ 10. Anita was obligated to operate the Facility as a Ramada guest lodging facility for a fifteen-year term. Id. at ¶ 11.

According to the License Agreement, Anita was required to make certain periodic payments to Ramada for royalties, service assessments, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"). Id. at ¶ 12. Section 11.2 of the License Agreement provided that Ramada could terminate the agreement, with notice to Anita, if Anita (a) discontinued operating the Facility as a Ramada guest lodging establishment or (b) lost the right to possession of the Facility. Id. at ¶ 16. If the parties terminated the License Agreement under section 12.1 of the License Agreement, Anita agreed to pay liquidated damages to Ramada in accordance with a formula specified in the License Agreement. Under section 17.4 of the Licensing Agreement, Anita additionally agreed that if the parties were to litigate, the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement." Id. at ¶ 19.

Ramada also entered into a Satellite Connectivity Services Addendum ("Satellite Addendum") with Nguyen. Id. at ¶ 20. Nguyen's obligations under this addendum were assigned

to Anita as part of the A & A Agreement.  Id. at ¶ 21.  Pursuant to section 13(c) of the Satellite Addendum, Anita agreed that, in the event of a termination of the Satellite Addendum, Anita would pay Satellite Addendum Liquidated Damages to Ramada in the amount of $1,000 within 10 days following the date of termination.  Id. at ¶ 22.

About May 26, 2004, Nguyen provided Ramada with a Guaranty of Anita's obligations under the License Agreement ("Guaranty").  Under the Guaranty, Nguyen agreed that upon a default under the License Agreement, he would "immediately make each payment and perform or cause Licensee to perform each obligation required of Licensee under the [License] Agreement."  Id. at ¶ 24.  Nguyen also agreed to pay the costs, including reasonable attorneys' fees, incurred by Ramada in enforcing its rights or remedies under the Guaranty or the License Agreement.  Id. at ¶ 25.

On or about April 1, 2009, Anita unilaterally terminated the License Agreement by ceasing to operate the Facility as a Ramada guest lodging facility.  (Compl. ¶ 26).  Ramada acknowledged the termination of the License Agreement and advised Anita that it owes Ramada the sum of $132,000 as liquidated damages for premature termination and all outstanding recurring fees through the date of termination.  Id. at ¶ 27.

The above-described Complaint was filed on February 18, 2011.  (Dkt. No. 1).  On April 27, 2011, Defendants filed an answer through their counsel, Castronovo & McKinney, LLC.  (Dkt. No. 5, "Answer").  On May 13, 2011, Ramada served discovery demands on Defendants including initial interrogatories, requests to produce documents, and requests for admissions.  Defendants also agreed to provide Ramada with documents demonstrating their current financial condition.  These documents were not produced.  At a September 6, 2011 status conference, this Court learned that Defendants still had failed to produce the documents Ramada requested.  Thereafter, the Court


entered an Order requiring these documents to be produced within thirty days. (Dkt. No. 16, "September 7th Order"). Ramada never received the subject documents. (Dkt. No 17).

Ramada filed the instant motion on November 17, 2011, requesting that this Court strike the Answer of Defendants and enter default against Defendants, along with a supporting certification. (Dkt. No. 19). Defendants have not responded to this motion. The Motion to Strike Defendants' Answer was referred to the Undersigned on November 18, 2011.

**II. Discussion**

Rules 16 and 37 of the Federal Rules of Civil Procedure authorize a court to sanction a party that fails to appear at a scheduling or other pretrial conference or fails to comply with a court order. Fed. R. Civ. P. 16(f)(1)(A), Fed. R. Civ. P. 16(f)(1)(C). When a party violates Fed. R. Civ. P. 16, the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1). Fed. R. Civ. P. 37(b)(2)(A) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> ...
> (iii) striking pleadings in whole or in part;
>
> (iv) rendering a default judgment against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(A). In deciding whether sanctions that "deprive a party of the right to proceed with or defend against a claim" are appropriate, the Court considers the following factors set forth by the Third Circuit in <u>Poulis v. State Farm & Casualty Co.</u>: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the

effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  No particular Poulis factor is controlling.  Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003); First Franklin Fin. Corp. v. Rainbow Mortg. Corp., Inc., No. 07-5440, 2010 WL 4923341 (D.N.J. Oct. 19, 2010)("Poulis requires the District Court only to balance the six factors and does not set one factor forth as determinative.").  As such, a decision whether to enter default is left to the court's discretion.  Id.; See Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010).

  Applying the Poulis factors, the Court finds that the imposition of default is warranted.  First, Defendants are personally responsible for the failure to produce discovery and comply with this Court's September 7th Order.  The Court conducted a status conference on November 22, 2011 at which time Defendants' counsel represented to the Court that their clients were unreachable and unresponsive.  As such, Defendants cannot blame their non-compliance on counsel.  Second, there is no question that Plaintiff is prejudiced by Defendants' failure to produce discovery.  Plaintiff has been deprived of the information it needs to support its claims and has additionally been forced to file several motions, expending both time and resources, to obtain relevant discovery.  Ramada Worldwide Inc. v. NPR Hospitality Inc., No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) (finding prejudice where plaintiff was unable to obtain discovery or pursue its claims "due to Defendants' failure to actively participate in the litigation of [the] case").  Third, there is a history of dilatoriness on the part of Defendants.  Defendants failed to provide the requested discovery for over seven months despite Ramada's repeated requests.  Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citing Poulis, 747 F.2d at 868) ("[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response

to interrogatories, or consistent tardiness in complying with court orders"). Fourth, the Court considers Defendants' non-compliance with the September 7th Order willful. There is no evidence to suggest that the failure to produce discovery or comply with court orders resulted from inadvertence, neglect, or mistake. Defendants have actively participated in this matter at earlier stages of the litigation. The Court infers from Defendants' actions that Defendants are now selectively electing not to participate in this case. See Harrington v. All American Plazas, Inc., No. 08-3848, 2010 WL 271053, at *4 (D.N.J. Jul. 7, 2010) (finding willfulness where "no reasonable excuse for the conduct in question exists"). Fifth, the Court finds that alternative sanctions would not prompt an appropriate response from Defendants. Defendants' lack of participation - i.e. its failure to participate meaningfully in discovery or file a responsive pleading to the instant motion - demonstrates an intention to no longer litigate this case. Lastly, in light of the fact that Defendants filed an Answer denying certain allegations raised by Ramada in the Complaint and raising affirmative defenses, this Court makes no decision as to whether Defendants' defenses are meritorious. The last Poulis factor is thus neutral.

This Court recognizes that the striking of an answer and the entry of default is reserved for the most extreme cases. Wachtel v. Health Net, Inc., 239 F.R.D. 81, 101 (D.N.J. 2006) ("Default is an extreme sanction that must be reserved for instances in which it is justly merited."). Nonetheless, this Court finds that this extreme sanction is warranted. Defendants have failed to cooperate in discovery, comply with court orders, and actively participate in this case. In light of the above, there is no alternative lesser sanction available to Ramada than to strike Defendants' Answer and enter default.

### III. Conclusion

For the foregoing reasons, this Court respectfully recommends that Plaintiff's Motion to Strike Defendants' Answer be GRANTED and that, pursuant to Fed. R. Civ. P. 55(a), default for failure to properly answer or otherwise plead be entered against Defendants. The parties shall have fourteen days from receipt of this Report and Recommendation to file and serve any objections. Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(a)(2).

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**